# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

DANNY R. WARD, )
)
        Petitioner, )
)
v. )    **Case No. CIV 06-469-JHP-KEW**
)
GREG PROVINCE, Warden, )
)
        Respondent. )

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, is challenging the execution of his sentence in McCurtain County District Court Case No. CF-1998-106.

He alleges that, pursuant to his plea agreement, he was entitled to have his parole consideration docket date calculated as one-third of the 6-year sentence he would have received under the 1997 Truth in Sentencing Act and its Sentencing Matrix. He claims that Okla. Stat. tit. 57, § 332.7(A), changed the scheme under which he was sentenced without due process and extended the time for consideration of parole eligibility. Petitioner asserts the failure to calculate correctly his parole consideration docket date renders his Judgment and Sentence void.

Petitioner further alleges his plea agreement in Case No. CF-1998-106 entitled him to consideration for commutation of his sentence, but his application for commutation was not processed. He contends he had a liberty interest in consideration for commutation that

entitled him to a response to the commutation request, consideration of the request by the Governor, and a process to appeal the respondents' acts or their failure to act. He further claims that Okla. Stat. tit. 57, § 1514, which sets forth the purposes and policies of the Oklahoma criminal justice and corrections system, created a liberty interest that required him to be recommended for commutation when he met the commutation criteria.

The record shows that on July 31, 2006, petitioner filed a state petition for a writ of habeas corpus in Atoka County District Court Case No. CV-2006-135, raising the claims in this federal habeas action. According to the Oklahoma State Courts Network, www.oscn.net, the petition was denied. His appeal of the decision was denied by the Oklahoma Court of Criminal Appeals in *Ward v. Beck*, No. HC-2006-1006 (Okla. Crim. App. Oct. 3, 2006). He complains that the Court of Criminal Appeals' denial of his state habeas appeal regarding these issues was a denial of due process.

In 1997, Oklahoma attempted to revamp its criminal statutes through the Truth in Sentencing Act (HB-1213). The Act created Sentencing Matrices describing the punishment for every criminal violation, but it was substantially repealed before it became effective. *Anderson v. State,* 130 P.3d 273, 281 n. 19 (Okla. Crim. App. 2006). Initial docket dates for parole consideration are scheduled at the earlier of (1) a percentage of the midpoint of the sentencing matrix for the corresponding crime, or (2) one-third of the actual sentence. Okla. Stat. tit. 57, § 332.7. While § 332.7(F) contemplates that an inmate's sentence may be recalculated by using the applicable matrix of the Oklahoma Truth in Sentencing Act, it is clear that the sole purpose of any recalculation is to determine the date upon which the inmate becomes eligible for consideration for parole.

The respondent has filed a response to the petition, alleging petitioner's parole docket

date was calculated in accordance with applicable state law. The record shows that petitioner was received into DOC custody on September 10, 1998, to serve a 20-year sentence in Case No. CF-1998-106. The respondent asserts petitioner initially was eligible for parole in January 2005, after serving one-third of his sentence, which was earlier than the Truth in Sentencing calculation of April 2006.[1] Because initial docket dates are scheduled two months before initial parole eligibility dates, petitioner was assigned to an initial docket date of November 2004.

Petitioner, however, was not considered for parole on the November 2004 docket, because he escaped from DOC custody on November 30, 1998, and was not returned to DOC custody until April 23, 2004. He was on escape status for more than five years, and was sentenced to five years' incarceration for his conviction for Escape from a Penal Institution in Atoka County District Court Case No. CF-1998-182. On May 24, 2004, a new docket date of April 2010 was calculated for petitioner, taking into account the time he was on escape status. This calculation added five years and five months to the original one-third date.[2]

The respondent maintains that because petitioner received the earlier of the two potential dates, he is not entitled to additional relief. Even if he should have received an earlier parole docket date, he is not entitled to immediate release or commutation of his sentence. The respondent further asserts the Truth in Sentencing legislation did not create a right to commutation consideration by the Governor. The Sentencing Matrices are used only to calculate initial parole eligibility. *Nestall v. State*, 954 P.2d 143, 145 (Okla. Crim. App. 1998). Furthermore, the broadly worded explanation of the "mission statement" in

---

[1] Both dates gave petitioner credit for the 113 days he served in the county jail.

[2] The later Truth in Sentencing date would have been September 2011.

Okla. Stat. tit. 22, § 1514, does not override the judiciary's sentencing power or the Governor's power to grant parole or commute a sentence.

Although convicted persons can have a constitutionally protected liberty interest in parole, *see Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1 (1979), when parole is discretionary, no such protected interest exists. That is precisely the case with respect to parole under Oklahoma's statutory scheme. *See Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999); *see also Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir.1979). *See also Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981) (inmates had no liberty interest in commutation because board had discretion in granting commutation).

Petitioner also alleges he wrote to the members of the Pardon and Parole Board in October 2005, and requested consideration of commutation of his sentence on the next available docket. He complains that he never received a response, and he was told that the absence of a response was his answer to the request. The respondent alleges that the Pardon and Parole Board has authority to consider an offender for clemency, apart from the normal processing procedure, with the concurrence of at least three members of the Board, pursuant to Okla. Stat. tit. 57, § 332.7(K). The Pardon and Parole Board receives hundreds of requests for clemency consideration out of the normal processing procedures, and it notifies those offenders who are granted consideration. The Board, however, does not notify offenders who are not granted consideration out of the normal processing, because of the large number of requests that are not granted. The Board's practice is that no response means the request has been denied. *C.f. Phillips v. Williams*, 608 P.2d 1131 (Okla. 1980) (holding that the Pardon and Parole Board is not required to give reasons for denial of parole.).

Finally, to the extent petitioner is challenging the validity of his Judgment and

Sentence in Case No. CF-1998-106, this § 2241 action is not an appropriate method to pursue his claim. Such claims must be advanced through a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. After careful review, the court finds petitioner's habeas petition fails to assert the denial of a federal constitutional right. *See* 28 U.S.C. § 2241(c)(3) (providing that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States").

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 is DENIED, and this action is, in all respects, DISMISSED. All pending motions are DENIED as moot.

**IT IS SO ORDERED** this 7th day of January 2008.


James H. Payne
United States District Judge
Eastern District of Oklahoma